**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No. 25-20431

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

ENRIQUE ROBERTO CUELLAR,

*Defendant-Appellant*.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT-APPELLANT'S MOTION FOR VACATUR OF DISTRICT COURT OPINION**

---

On December 2, 2025, the President pardoned Defendant-Appellant Enrique Roberto "Henry" Cuellar and Imelda Cuellar, his co-defendant, for the offenses charged in the underlying district court case. In light of the pardon, Cuellar moved to dismiss this interlocutory appeal as moot, and the government did not oppose. Cuellar now also asks this Court to vacate the district court opinion denying his motion to dismiss the indictment, which gave rise to this appeal. That request should be denied.

## I. Background

Cuellar represents Texas's 28th Congressional District in the United States House of Representatives. On April 30, 2024, a grand jury in the Southern District of

Texas indicted Cuellar, together with his wife, Imelda Cuellar, on charges of conspiracy, bribery, honest-services wire fraud conspiracy, and money laundering in connection with a scheme to accept nearly $600,000 in bribes from two foreign entities—an Azerbaijani oil company and a Mexican bank—in exchange for official acts. ROA.20-73.[1] Cuellar moved to dismiss the indictment based on the Speech or Debate Clause of the United States Constitution. ROA.493-509. The district court denied that motion, and Cuellar filed this interlocutory appeal. ROA.1200-46. On December 2, 2025, President Trump pardoned Cuellar for the offenses charged in the indictment. 5th Cir. Dkt. 54-1 at 2.[2]

## II. Applicable Law

In *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), the Supreme Court explained that "[t]he established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss." 340 U.S. 36, 39 (1950). The purpose of this practice "is to

---

[1] On August 19, 2025, the district court granted the government's motion to dismiss Counts 4 and 8, alleging violations of 18 U.S.C. § 219 (being a public official acting as an agent of a foreign principal), and to strike related allegations. ROA.1179-92.

[2] On December 11, 2025, Imelda Cuellar, who is not party to this appeal and over whom the district court retains jurisdiction, moved to dismiss the indictment with prejudice due to her pardon. Dist. Ct. Dkt. 162. The government did not oppose that motion. On December 13, 2025, the district court granted the motion and dismissed the charges against Imelda Cuellar with prejudice. Dist. Ct. Dkt. 164.

prevent an unreviewable decision from spawning any legal consequences, so that no party is harmed by . . . a 'preliminary' adjudication." *Camreta v. Greene*, 563 U.S. 692, 713 (2011); *see also Munsingwear*, 340 U.S. at 40 (explaining that vacatur "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance").

The Supreme Court "has never applied *Munsingwear* in a criminal case, so it is not clear that its general principles apply in this context." *United States v. Silva*, No. 22-5954, 2023 WL 3001570, at *3 (6th Cir. Apr. 19, 2023); *see United States v. Tapia-Martinez*, 361 F.3d 535, 537-38 (9th Cir. 2004) ("It is an open question, however, whether the vacatur rule of *Munsingwear* even applies in criminal cases, given the [Supreme] Court's repeated statements that vacatur is the governing practice in civil cases. . . . The Supreme Court has never applied *Munsingwear* in a criminal case. Neither have we."). Nor does Cuellar cite any precedent of this Court applying *Munsingwear* in a criminal case.

The Supreme Court has made clear, however, that vacatur is an "extraordinary remedy," and it is the burden of "the party seeking relief from the status quo" of the opinion sought to be vacated to show "equitable entitlement" to relief. *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 26 (1994). Vacatur is "not an automatic right." *Moore v. Thurston*, 928 F.3d 753, 758 (8th Cir. 2019). "[W]hen federal courts contemplate equitable relief," they must "take account of the public interest." *U.S. Bancorp Mortgage Co.*, 513 U.S. at 26. "'Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of

private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.'" *Id.* (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)).

## III. The Motion to Vacate Should Be Denied

The government agrees that, once jurisdiction is returned to the district court, the indictment should be dismissed with prejudice in light of the pardon. Cuellar has not, however, shown that he is entitled to the extraordinary remedy of vacatur of the district court's interlocutory speech-or-debate order under *Munsingwear*. Cuellar cannot be re-charged for the crimes alleged in the indictment. Nor does the interlocutory decision under review—a denial of a motion to dismiss the indictment—have any preclusive effect. There is thus no need "to clear the path for future relitigation of the issues raised." *Flynt v. Weinberger*, 762 F.2d 134, 135-36 (D.C. Cir. 1985); *see Camreta*, 563 U.S. at 714 n.11 (explaining that the Court was vacating only the part of the lower court's ruling "that has prospective effects on [the petitioner]").[3]

The Ninth Circuit's opinion in *United States v. Arpaio*, 951 F.3d 1001 (9th Cir. 2020), is instructive. There, the defendant was pardoned after the district court found him guilty, following a bench trial, of criminal contempt but before he was sentenced.

---

[3] Cueller cites *Camreta* (Mot. 3) for the proposition that vacatur is "the normal rule" when a case becomes moot on appeal. But "in the case of interlocutory appeals where the underlying order becomes moot, a number of courts have adopted a contrary 'usual practice': that of dismissing the appeal *without* vacating the order appealed from." *SEIU v. Husted*, 531 Fed. Appx. 755, 756 (6th Cir. 2013) (unpublished) (citing cases).

*Id.* at 1003. The Ninth Circuit ruled that the district court correctly declined to vacate its guilty verdict for two reasons.

First, because no judgment of conviction had been entered, the guilty verdict would have no "legal consequences," such as affecting "a sentencing enhancement in a subsequent criminal case or claim or issue preclusion in a civil case." *Id.* at 1006. There was therefore "no reason . . . to apply *Munsingwear*." *Id.* at 1007. Second, the guilty verdict would have no preclusive effect on future litigation because it was not "a determination essential to the actual, final judgment" entered in that case, which was a judgment of dismissal with prejudice. *Id.* at 1007. To the contrary, the finding of guilt did not contribute to the final judgment. *Id.* Thus, again, "the rationale for *Munsingwear* d[id] not apply." *Id.* at 1008.

The reasoning of *Arpaio* applies here. No judgment of conviction has been entered, and the opinion under review has no effect on Cuellar's legal rights. Cuellar asserts (Mot. 4) that some "unfairness [] would occur if the challenged order stands," claiming that the district court's order "could be used by other branches or parties to the Appellant's detriment." But he does not articulate who these "other branches or parties" are, or to what detriment that non-binding order could be used. *Cf. Camreta*, 563 U.S. at 709 n.7 (explaining that a district court decision "is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case") (quotation marks omitted). Allowing the district court opinion to stand will have no adverse legal consequences on Cuellar, and thus vacatur

of that opinion would not serve the purposes of *Munsingwear*.

Cuellar relies on *United States v. Schaffer*, 240 F.3d 35 (D.C. Cir. 2001) (en banc), in support of his request. *Schaffer* is inapposite. That case "had a long and curious history," *id.* at 36, but the upshot was that the defendant received a pardon *after* a judgment of conviction had been entered in the district court but while his appeal was still pending before the en banc court. *Id.* at 37. Because the pardon terminated "the appeals process … prematurely," without reaching "[f]inal judgment" on the validity of "Schaffers' conviction," the court ruled that vacatur was "just and appropriate." *Id.* at 38; *see also id.* (but also explaining that pardon did not vindicate defendant's claim of innocence).

Here, by contrast, no judgment of conviction has ever been entered and the district court's interlocutory ruling has no adverse legal effects on Cuellar. Meanwhile, the public will benefit by allowing "presumptively correct and valuable" judicial decisions to stand. *U.S. Bancorp Mortgage Co.*, 520 U.S. at 26. Cuellar thus cannot show an "equitable entitlement" to the "extraordinary remedy" of vacatur of the district court's order. *Id.*

For these reasons, the government respectfully requests that the Court deny the motion to vacate the district court's opinion.

December 15, 2025

Respectfully submitted,

/s/ Rosaleen O'Gara
ROSALEEN T. O'GARA
Criminal Division, Appellate Section
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530
(202) 616-3508
Rosaleen.O'Gara2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, I electronically filed the foregoing Government's Response to Motion for Vacatur of District Court's Order with the Clerk of the Court of the U.S. Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/ Rosaleen T. O'Gara
ROSALEEN T. O'GARA

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,478 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point type Garamond font.

/s/ Rosaleen T. O'Gara
ROSALEEN T. O'GARA