CASE NO. 25-20431

# In the United States Court of Appeals for the Fifth Circuit

---

UNITED STATES OF AMERICA,

PLAINTIFF – APPELLEE,

V.

ENRIQUE ROBERTO CUELLAR,

DEFENDANT – APPELLANT.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION,
CASE NO. 4:24-CR-224-1

---

### REPLY IN SUPPORT OF MOTION TO VACATE

Chris Flood
Stephen D. Dockery
FLOOD & FLOOD
914 Preston at Main, Suite 800
Houston, Texas 77002

Robert Eric Reed
THE REED LAW FIRM, PLLC
912 Prairie St., Suite 100
Houston, Texas 77002

ATTORNEYS FOR DEFENDANT-APPELLANT,
ENRIQUE ROBERTO CUELLAR

**REPLY IN SUPPORT OF MOTION TO VACATE**

Defendant-Appellant Enrique Roberto "Henry" Cuellar, through undersigned counsel, files this Reply in support of his Motion to Vacate the orders in the underlying proceeding.

The Government's response fails to identify a reason for allowing an unreviewable district court order to stand beyond that it is "valuable," and it does not explain how that reason outweighs the principles articulated in *Munsingwear* and *Camreta*. *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950); *Camreta v. Greene*, 563 U.S. 692 (2011). An order is valuable if it is correct, and an order on a matter of great consequence and first impression in this Circuit should not be allowed to stand when review of its accuracy is no longer possible. The principles articulated in *Munsingwear* and *Camreta* control, and the order should be vacated.

The Government asserts that "the opinion under review has no effect on Cuellar's legal rights" and then claims not to know what other branches of Government may rely on upon the challenged district court order. The appealed order concerned the definition of legislative acts and whether the acts alleged by the Government were legislative. If vacatur does not occur, the Legislative branch may rely on the district court's order in its review of related allegations before that branch, causing harm to the Appellant. Harm based on an unappealable order would be unfair and therefore vacatur should be issued. *United States v. Schaffer*, 240 F.3d 35,

38 (D.C. Cir. 2001). In addition, and contrary to the Government's assertions, vacatur is even more appropriate in a case where no conviction has occurred. There should be no lingering penalty after a pardon based just on allegations. *See id.* To the extent *Arpaio* concluded otherwise it is incorrect. *United States v. Arpaio*, 951 F.3d 1001 (9th Cir. 2020). Courts should not take steps to undermine the purpose and effect of a Presidential pardon. *See Bjerkan v. United States*, 529 F.2d 125, 128 (7th Cir. 1975).

Accordingly, the Appellant respectfully requests this Court vacate the underlying order and dismiss this appeal.

DATED: December 15, 2025

    Respectfully submitted,

    /s/ *Stephen Dockery*
    Stephen Dockery
    Email: stephen@floodandflood.com
    FLOOD & FLOOD
    914 Preston at Main, Suite 800
    Houston, TX 77002
    (713) 223-8877
    (713) 223-8879 fax

    /s/ *Chris Flood*
    Chris Flood
    Texas Bar No. 07155700
    Email: chris@floodandflood.com

    Robert Eric Reed
    The Reed Law Firm, PLLC

-4-

State Bar No. 00789574
Federal I.D. No. 17904
912 Prairie St., Suite 100
Houston, Texas 77002
713-600-1800
713-600-1840 fax

**ATTORNEYS FOR DEFENDANT-APPELLANT, ENRIQUE ROBERTO "HENRY" CUELLAR**

## **CERTIFICATE OF COMPLIANCE**

1.    This reply complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 336 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

2.    This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: December 15, 2025.

                                                  /s/ *Stephen Dockery*
                                                Stephen Dockery

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 15, 2025, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                  /s/ *Stephen Dockery*
                                                  Stephen Dockery